**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0019-20

IN THE MATTER OF LUIS
SUAREZ, MIDDLESEX
COUNTY SHERIFF'S OFFICE.

_____

Argued December 7, 2021 – Decided August 16, 2022

Before Judges Accurso and Rose.

On appeal from the New Jersey Civil Service
Commission, Docket No. 2018-2473.

Catherine M. Elston argued the cause for appellant
Luis Suarez (C. Elston & Associates, LLC, attorneys;
Catherine M. Elston, of counsel and on the briefs;
Cathlene Y. Banker, on the briefs).

Kyle J. Trent argued the cause for respondent
Middlesex County Sheriff's Office (Apruzzese,
McDermott, Mastro & Murphy, PC, attorneys; Kyle J.
Trent, of counsel and on the brief).

Matthew J. Platkin, Acting Attorney General, attorney
for respondent Civil Service Commission (Pamela N.
Ullman, Deputy Attorney General, on the statement in
lieu of brief).

PER CURIAM

Luis Suarez was two weeks into his three-month working test period as a newly promoted sergeant in the Middlesex County Sheriff's Office when he lied about being sick so he could attend a wedding after having been denied permission to switch shifts with another officer. Although Suarez, a ten-year officer with an unblemished disciplinary record, had vacation and personal leave time he could have used to attend the wedding, he did not want to draw on those days as he had two pre-paid vacations planned for the end of the year.

One of Suarez's subordinate officers was also present at the wedding. An investigation ensued in which Suarez admitted having called out sick to attend the wedding. The Sheriff issued a preliminary notice of disciplinary action (PNDA) charging Suarez with civil service charges of conduct unbecoming a public employee, neglect of duty, and other sufficient cause, as well as violation of several departmental rules, and notifying him that the Sheriff intended to suspend him for ten days and return him to his former position of sheriff's officer.

Suarez's working test period ended two weeks before the departmental hearing on the charges. The following day, the Sheriff provided Suarez written notice that he had not successfully completed his working test period and was being returned to his position as a sheriff's officer pursuant to

2

N.J.A.C. 4A:2-4.1. The notice, which Suarez signed to signify receipt, advised in bold letters he could appeal the decision to the Civil Service Commission, but must do so within twenty days.

Suarez's counsel raised the issue of his demotion on cross-examination of the Undersheriff at the departmental hearing, specifically asking why Suarez had been "demoted prior to being heard" on "these charges." The Undersheriff responded with a one-word answer — "Time." He confirmed Suarez had been returned to his permanent title for the same reason he was being disciplined — his having lied about being sick, but because his working test period had ended before the hearing, the Sheriff had needed to act immediately to advise Suarez he had not successfully completed his working test period in his promotional title. See N.J.A.C. 4A:2-4.1(c) (providing the written notice returning an employee to his former permanent title at the conclusion of a working test period for unsatisfactory performance "shall be served not more than five working days prior to or five working days following the last day of the working test period" and that "notice served after this period shall create a presumption that the employee has attained permanent status").

A-0019-20

Following the hearing officer's decision upholding the charges and the penalty, the Sheriff issued Suarez a final notice of disciplinary action (FNDA) suspending him for ten days. She provided him another notice the same day explaining that although the hearing officer recommended Suarez's demotion as sought in the PNDA, "that recommended penalty is moot given your demotion at the end of your working test period." Suarez appealed his suspension to the Commission, which referred the matter to the Office of Administrative Law for a hearing.

Two weeks before the scheduled hearing, Suarez filed a motion for partial summary decision "that the issue as to the propriety of [the Sheriff's Office's] demotion of [Suarez] is not moot, but rather is encompassed in [Suarez's] within disciplinary appeal" because "the demotion was imposed as a disciplinary penalty." Administrative Law Judge Sarah G. Crowley advised Suarez's counsel that the motion was out of time pursuant to N.J.A.C. 1:1-12.5(a), would not be considered and that the hearing would proceed as scheduled.

On the first day of the hearing, Suarez again raised the issue of his demotion at the end of his working test period. ALJ Crowley explained she was without jurisdiction to consider that issue because the FNDA was limited

4

to a ten-day suspension and Suarez had not appealed his return to his permanent title at the end of his working test period. Suarez petitioned the Commission for interlocutory review of ALJ Crowley's ruling.[1]

The Commission denied the motion as untimely because it was not filed within five days of ALJ Crowley's ruling in advance of the hearing. The Commission also denied Suarez's request for reconsideration, explaining that neither the ALJ nor the Commission had jurisdiction to consider Suarez's demotion at the end of his working test period because only the ten-day suspension was included in the FNDA, which was "the discipline that was transmitted to the Office of Administrative Law" by the Commission.

Following the close of the record, ALJ Crowley issued a comprehensive decision sustaining both the charges and the penalty. The ALJ found Suarez admitted he called in sick, reporting he was at his home when he was not sick and not at home but attending an out-of-town wedding, after his supervisors had refused him the time off. She concluded the Sheriff had also proved "by a preponderance of the credible evidence that [Suarez] violated standards of

---

[1] Suarez also sought interlocutory review of the denial of his motion to have ALJ Crowley recuse herself based on an alleged "pattern of improper bias due to [ALJ] Crowley's prior employment as a county counsel for Mercer County." The Commission appears to have denied his motion, and he has not addressed the issue on appeal.

A-0019-20

conduct, truthfulness, absence from duty, neglect of duty, feigning illness, and other sufficient cause (abuse of sick leave)."

ALJ Crowley rejected Suarez's arguments the ten-day penalty was too severe, and that others guilty of similar infractions were treated less harshly. Although acknowledging this was the first discipline Suarez had received in his many years with the Sheriff's Office, the ALJ underscored the high standard of conduct expected of law enforcement officers generally. She also found his situation not comparable to the two officers Suarez identified as having committed similar infractions who received lesser discipline. ALJ Crowley emphasized both individuals were sheriff's officers without rank, not a sergeant as Suarez was when he lied about being sick to attend a wedding for which he'd already been denied time off.

ALJ Crowley also rejected Suarez's disparate treatment claim, finding he'd not demonstrated he is a member of any protected group, and that other nonminority employees engaged in acts of comparable seriousness with similar records were treated more favorably, citing Johnson v. East Jersey State Prison, 92 N.J.A.R. 803 (1992). The ALJ found the ten-day suspension warranted because of several aggravating factors, including Suarez's failure to diligently search for someone to trade shifts with, his failure to use his

6

available personal and vacation time and the need to pay overtime to the sergeant who had to cover his shift when Suarez called out. She found no mitigating factors. The Commission adopted ALJ Crowley's initial decision, sustained the charges and upheld Suarez's ten-day suspension.

Suarez appeals, arguing his demotion at the conclusion of his working test period, premised on the same conduct underpinning the disciplinary charge and sustained by the departmental hearing officer, was a disciplinary demotion governed by the rules for appealing major discipline, N.J.A.C. 4A:2-2.1 to 2.13 rather than working test period appeals, N.J.A.C. 4A:2d-4.1 to 4.3. He contends the ALJ's refusal to consider his claim that the FNDA did not accurately reflect the disciplinary penalty imposed violated his

> procedural due process right to challenge the discipline that was in fact imposed by the Sheriff's Office for his misconduct . . . and unfairly does not hold the Sheriff's Office accountable for the integrity of its disciplinary process, including its issuance of an FNDA that accurately reflects the nature and intent of the adverse action taken by the Sheriff's Office and upon which its employees' appeal rights are premised.

Suarez also claims the Sheriff "unlawfully used the probationary review process to deviate from the disciplinary process for the purpose of penalizing Suarez twice for the same misconduct." Finally, Suarez claims the ALJ erred in finding Suarez's superiors denied his request for a shift change because his

7

A-0019-20

replacement would have to work overtime to cover his shift and in finding no mitigating factors militating in favor of a lesser penalty. He contends his conduct was not of "an egregious nature that warranted the imposition of major discipline for the first offense of a then new sergeant."

Our review of the record convinces us that none of those arguments is of sufficient merit to warrant extended discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Our role in reviewing the decision of an administrative agency is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We accord a strong presumption of reasonableness to an agency's exercise of its statutorily delegated responsibility, City of Newark v. Nat. Res. Council in Dep't of Env't. Prot., 82 N.J. 530, 539 (1980), and defer to its fact finding, Utley v. Bd. of Rev., 194 N.J. 534, 551 (2008). We will not upset the determination of an administrative agency absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Lavezzi v. State, 219 N.J. 163, 171 (2014); Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963).

As particularly relevant here, our deference extends to the agency's choice of a disciplinary sanction. In re Herrmann, 192 N.J. 19, 28 (2007).

"[W]hen reviewing administrative sanctions, 'the test . . . is whether such punishment is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness.'" Id. at 28-29 (quoting In re Polk, 90 N.J. 550, 578 (1982)).

Suarez does not contest the ALJ and Commission's findings that by lying about being sick so he could attend a wedding, after having been denied the time off, he engaged in conduct unbecoming a public employee, neglect of duty, and other sufficient cause, namely abuse of sick leave. His appeal is limited to the sanction imposed — the ten-day suspension and, in his view, his having been returned to his position as a sheriff's officer at the conclusion of his promotional working test period. He asks that we reinstate him to the title of sergeant "with back pay and all emoluments of the title" and remand to the Commission for reconsideration of the ten-day suspension.

Suarez, however, did not appeal his demotion at the end of his working test period, an appeal in which he would bear the burden of proof to establish "the action was in bad faith." N.J.A.C. 4A:2-4.3(b). Thus, whether he was appropriately returned to his permanent title of sheriff's officer is not a question properly before us. But even were we to consider it, Suarez has provided us no controlling or otherwise persuasive precedent for his contention

9

that an appointing authority is prohibited from demoting an employee at the end of a promotional working test period in response to the same conduct forming the basis of disciplinary charges, nor can we fathom why any such prohibition would exist.

We see no impediment to the Sheriff bringing disciplinary charges against Suarez for lying about his sick time, which Suarez does not dispute is conduct unbecoming, and also concluding the conduct — committed within the first two weeks of his promotional working test period — rendered him incapable of effectively leading other officers as a sergeant in the department. See Cosme v. Borough of E. Newark Tp. Comm., 304 N.J. Super. 191, 205-06 (App. Div. 1997) (reflecting "how disrespect for superiors, disregard of established performance standards, and perverse use of regular procedures subverts the good order and discipline that is essential to a properly run police department").

Our courts have long recognized that police officers — an appellation we believe encompasses sheriff's officers such as Suarez, State v. Hupka, 407 N.J. Super. 489, 510-11 (App. Div. 2009), aff'd, 203 N.J. 222 (2010) — are held to a higher standard of conduct than other public employees. In re Phillips, 117 N.J. 567, 577 (1990). "[B]ecause police officers are different

from other public employees, the scope of discretion accorded to the public entities that administer police departments is necessarily broad." City of Jersey City v. Jersey City Police Officers Benevolent Ass'n, 154 N.J. 555, 572 (1998). Broad enough, in our view, for the Sheriff to have concluded Suarez should face disciplinary charges for his conduct, and likewise conclude it rendered his performance as a sergeant unsatisfactory during his working test period.

Contrary to his assertions, Suarez was not deprived of his right under the civil service laws to appeal the Sheriff's actions. He was provided the opportunity to appeal both actions and obviously elected to appeal only the disciplinary sanction and not his return to his former title of sheriff's officer for unsatisfactory performance at the end of his working test period. He also elected not to argue his ten-day suspension should be reduced in light of his demotion, presumably because he wished to preserve the argument that he should be reinstated to the sergeant title. Those were clear litigation choices, and while Suarez was obviously entitled to make them, they do not entitle him to relief on appeal. His remaining arguments reduce to quarrels with the ALJ's fact-finding which we are simply in no position to reject. See In re Adoption

of Amend. to Water Quality Mgmt. Plans, 435 N.J. Super. 571, 582-84 (App. Div. 2014).

Because we cannot find Suarez's ten-day suspension is "so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness," Herrmann, 192 N.J. at 28-29, we affirm, substantially for the reasons expressed by ALJ Crowley and the Commission.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0019-20